Argued and submitted June 27, 2012, reversed and remanded for reconsideration
August 14, 2013

# NGHIA GIA DAM,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND
# POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A145323

309 P3d 161

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for petitioner. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner, who is serving dangerous offender sentences on 15 counts of first-degree robbery, seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (the board), ORS 144.335(1), (3), contending that the board erred in concluding, after a parole consideration hearing, that petitioner has a mental or emotional disturbance predisposing him to the commission of a crime and remains dangerous, and setting a new parole consideration date. ORS 144.228. Petitioner contends that the board erred in relying on a psychological evaluation that was based on erroneous information. We agree with petitioner and therefore reverse and remand the board's order.

In 1988, petitioner was convicted of 15 counts of armed robbery arising out of two incidents involving multiple victims. He was sentenced to 30 years' incarceration on each count, with 12 of the sentences (arising out of the first incident) running concurrently, and three sentences (arising from the second incident) running concurrently to each other but consecutive to the sentences on the 12 counts arising from the first incident. In sentencing, the court found that petitioner was a dangerous offender under ORS 161.725 and ORS 161.735.

In anticipation of a parole consideration hearing of September 3, 2008, the board ordered a psychological evaluation of petitioner pursuant to ORS 144.226 and ORS 144.228. The evaluation was conducted on June 20, 2008, by Dr. Stuckey, who interviewed petitioner and reviewed the written record, including presentence investigation (PSI) materials and the report of petitioner's performance within the institution. Based on that evaluation, Stuckey concluded that petitioner "has a present severe emotional disturbance such as to constitute a danger to the health and safety of the community."

The board conducted a hearing and, after deliberations, determined that petitioner remained dangerous and deferred petitioner's parole consideration date for two years. Petitioner timely sought administrative review, asserting

among other arguments that Stuckey's psychological evaluation had been based on an incorrect criminal history report and therefore did not provide substantial evidence in support of the board's findings.

In fact, the PSI report on which Stuckey had relied contained a number of errors: It listed seven prior criminal convictions and dispositions that are not part of petitioner's criminal history, including driving while intoxicated, theft in the second degree, and three controlled substance offenses. It indicated that petitioner had a criminal conviction in the United States in 1975, even though petitioner did not come to the United States until 1980. Stuckey was unaware of the errors, and in fact made several references to petitioner's criminal history in his evaluation. Stuckey highlighted what he perceived as inconsistencies between information provided by petitioner and information in the PSI:

> "While [petitioner] asserted that he came to the United States in 1980, the PSI indicated that in 1975, he was convicted of THEFT IN THE SECOND DEGREE and a driving offense was noted. * * *

> "He also has a DRIVING WHILE INTOXICATED in February, 1983, and DELIVERING AND POSSESSING ILLEGAL SUBSTANCES in 1986."

(Capitalization in original.) Stuckey further stated that petitioner was convicted of two domestic violence offenses, although he has only one such conviction. Stuckey opined that petitioner "minimized" his criminal activity and that "he did not appear to have a mature, sophisticated, or remorseful attitude regarding his criminal behavior. There was much blame avoidance and minimization and lack of depth understanding with respect to his criminal behavior."

Despite the inaccuracies in Stuckey's report, the board rejected petitioner's claims and denied him relief, explaining that it had disregarded the erroneous information in its deliberations, and that in other respects, viewed in context, Stuckey's evaluation complied with the statutory requirements and provided substantial evidence for the board's findings. The board explained in its administrative review response that

"the Board does not find that any conclusions in the evaluation were based solely on the erroneous information indicating that you were in the United States earlier than 1980, or that you had three [*sic*] additional convictions. While the Board has taken steps to ensure that the erroneous information is removed from the written record for future hearings, it does not find that the errors significantly prejudiced you or caused the psychological evaluation to be unreliable. Moreover, the Board discussed your concerns about the inaccurate information used by Dr. Stuckey, and present in your presentence investigation, acknowledged the errors and disregarded that information in its own deliberations, as well as taking the matter into account when considering Dr. Stuckey's conclusions."

Further, the board noted that Stuckey had given examples to support his conclusion that petitioner had minimized his criminal conduct based on petitioner's statements to Stuckey, which did not depend on the erroneous information. Finally, based on its own questioning and observation of petitioner, the board found, independently of Stuckey's conclusion, that petitioner minimized his criminal actions.

Although it is not dispositive in determining whether a dangerous offender should be released on parole, the psychological evaluation required by ORS 144.226 is for the purpose of assisting the board in determining whether the inmate sentenced as a dangerous offender has any mental or emotional disturbance, condition or other disorder predisposing the person to the commission of a crime to a degree rendering the examined person a danger to the health and safety of others. ORS 144.226(2). In the state's view, the board has adequately explained why the errors in petitioner's criminal history did not persuade the board to reject Stuckey's ultimate conclusion that petitioner has a mental or emotional disturbance, deficiency, condition, or disorder predisposing him to the commission of any crime to a degree that he remains a danger to the health or safety of others. The state contends that, despite the erroneous information, the record as a whole—including petitioner's conduct at the hearing—would permit a reasonable person to find that petitioner is dangerous and that the board's determination that petitioner remains a danger is therefore supported by substantial evidence.

The question is a close one, but we reach a different conclusion. There is evidence at the hearing that supports findings that petitioner minimizes his crimes and shows little insight into how his criminal acts affected the victims. However, in his report, Stuckey referred repeatedly to petitioner's criminal history. It is not possible to determine whether Stuckey's reference to petitioner's minimization of his criminal history was a reference to petitioner's criminal history as a whole or just to his current crimes. Further, it is impossible to determine the extent to which Stuckey's ultimate conclusion was influenced by the incorrect information in the PSI and by his perception that petitioner was not being truthful. ORS 144.226 requires a psychological evaluation, and it is clear that the board relied on Stuckey's flawed evaluation. It is not clear that the board would have reached the same conclusion in the absence of its reliance on the flawed report. For that reason, we conclude that the board's affirmative determination that petitioner continues to be dangerous is erroneous, and we therefore reverse the board's order and remand for reconsideration.[1]

Reversed and remanded for reconsideration.

---

[1] Our conclusion is not intended to imply that the record compels the opposite conclusion—that petitioner is no longer dangerous.