LAGESEN, P.J.
*849 Petitioner committed a first-degree burglary in 1998 and, pursuant to ORS 161.725 and ORS 161.735, was sentenced as a dangerous offender. In this case, he seeks review of a final order of the Board of Parole and Post-Prison Supervision. In that order, the board, acting under ORS 144.228,[1] deferred petitioner's parole consideration date for a period of 24 months. On review, petitioner contends that, under our decision in Dam v. Board of Parole , 258 Or. App. 39, 309 P.3d 161 (2013), the board erred when it relied on a psychological evaluation that was based on materially incomplete information about petitioner's prior parole history. Reviewing for legal error and substantial evidence, ORS 144.335(3) ; ORS 183.482(8), we agree with petitioner and, therefore, reverse and remand the board's order.
*255 The facts pertinent to the question before us are largely procedural and not disputed. Before petitioner's parole consideration hearing, the board referred petitioner to Dr. Shellman, a psychologist, for an assessment of the risk petitioner would pose to the community if paroled. In the evaluation, Shellman recounted in detail petitioner's criminal history and his prior parole history, but that account omitted mention of petitioner's most recent period of parole, which lasted more than two years but ended after petitioner assaulted his girlfriend and relapsed into using methamphetamine. At the parole consideration hearing, petitioner pointed out to the board that Shellman's evaluation indicated that Shellman seemed to be "operating under the impression that I've been in prison since the last time he gave me an evaluation, that I was never released in 2008, and on parole for a [26]-month period afterwards." Board member Wu, who was leading the hearing, stated he could "see what you mean that he doesn't discuss your most recent date of release" but that he was not going to "make a change" to the evaluation "at this point." Following the hearing, the board deferred petitioner's parole consideration date for 24 *850 months, finding that petitioner had "a mental or emotional disturbance, deficiency, condition, or disorder predisposing [petitioner] to the commission of any crime to a degree rendering [petitioner] a danger to the health or safety of others."
Petitioner sought administrative review of that decision. He argued, among other things, that the evidence did not support the board's finding that petitioner remained dangerous and that the board erred in relying on Shellman's evaluation, given that Shellman "was either oblivious to or simply failed to acknowledge [the] extensive span of time" during which petitioner was on parole between 2008 and 2010. In its administrative review response, the board relied heavily on Shellman's evaluation to address petitioner's contention that the evidence was not sufficient to support its finding that petitioner was dangerous. After noting the results of tests that Shellman had performed, the board explained:
"Dr. Shellman diagnosed you with Antisocial Personality Disorder and indicated that he could not in all good conscience consider [you] ready for parole. Dr. Shellman concluded that he believed you to still be a potential danger to the community if you were to be released, and considered your prognosis extremely guarded."
The board did not address in detail petitioner's other contentions on administrative review, including his contention that Shellman's evaluation was not based on an accurate understanding of petitioner's parole history, stating only that the board had "reviewed your remaining allegations and concluded that they are not supported by the factual record, are not sufficiently developed or explained, are without merit, or some combination of these factors. Accordingly, the Board denies the remaining claims without further discussion."
Before us, petitioner renews his argument that Shellman's evaluation was based on materially incomplete information about petitioner and that, as a result of that deficiency, the board erred in relying on that evaluation. In support of his argument, petitioner points to our decision in Dam . There, we concluded that the board erred when, in the context of a parole consideration hearing, the board relied on a psychological evaluation that was based, in part, on *851 inaccurate information included in a presentence investigation report. 258 Or. App. at 42-43, 309 P.3d 161. Characterizing the matter as a "close one," we observed that ORS 144.226 required the board to obtain a psychological evaluation to assist it in making parole consideration decisions and concluded that, where it was "impossible to determine the extent to which [the psychologist's] ultimate conclusion was influenced by the incorrect information in the PSI and by his perception that petitioner was not being truthful" because the petitioner's statements contradicted the information in the PSI, it was error for the board to rely on the evaluation. Id . at 43, 309 P.3d 161. Petitioner contends that this case is analogous to Dam , reasoning that Shellman's report is not reliable because it is based on an inaccurate understanding of a "significant portion of petitioner's history," and that it is not possible to ascertain how that inaccurate understanding *256 influenced Shellman's conclusions. Therefore, petitioner asserts, this court should reverse and remand as it did in Dam .
In response, the board does not dispute the legal principle articulated in Dam : It is not permissible for the board to rely on a psychological evaluation that is based on an inaccurate understanding of an offender's history if the inaccuracies may have influenced the evaluator's ultimate conclusions about the offender. Instead, the board asserts that this case is distinguishable from Dam on its facts in two significant ways. First, the board contends that "petitioner is mistaken in contending that Dr. Shellman's failure to specifically mention petitioner's parole in 2008 shows that Dr. Shellman was unaware of that information." (Internal quotation marks omitted.) The board notes that Shellman's report states that Shellman had reviewed evaluations by a different psychologist, each of which noted petitioner's parole history. From that, the board asserts that it reasonably can be inferred that Shellman was aware of the fact that petitioner had been on parole between 2008 and 2010. Second, the board contends that, even if Shellman was not aware of the fact that petitioner had been on parole from 2008 to 2010, the board nonetheless reasonably could infer from the report as a whole that informational deficit did not materially affect Shellman's ultimate conclusions, making it reasonable for the board to rely on the evaluation.
*852 Although this case, like Dam , can be characterized as a close one, we conclude that the board erred in relying on Shellman's evaluation. The board's first argument appears to turn on the proposition that, in relying on Shellman's evaluation, the board permissibly may have made an implicit factual finding that Shellman was, in fact, aware of petitioner's complete parole history. But, to the extent the board may have made that finding, it is not one that is supported by substantial evidence. That is, "the record, viewed as a whole, would [not] permit a reasonable person to make that finding." ORS 183.482(8)(c) (defining "substantial evidence" standard). Although contents of the report would support a finding that Shellman had access to other reports that discussed petitioner's parole history, given the structure of Shellman's report and, in particular, its detailed accounting of petitioner's criminal history and prior parole history, the only reasonable inference is that Shellman overlooked the fact that petitioner had been out on parole from 2008 to 2010. If Shellman had appreciated that significant component of petitioner's parole history as he was preparing the report, he would have included it in his otherwise complete summary of that history.
The board's second argument appears to turn on the proposition that the board permissibly may have made the finding, based on the evaluation as a whole, that any deficiency in Shellman's understanding of petitioner's parole history did not affect his ultimate conclusions about petitioner's suitability for parole. But, as was the case in Dam , on this record, it cannot reasonably be inferred that Shellman's incomplete understanding of petitioner's parole history had no effect on his professional assessment of petitioner's likelihood of success on parole. Although the board is correct that it reasonably can be inferred that diagnostic tests played a significant role in Shellman's assessment of petitioner, that does not permit the inference that the additional information about petitioner's performance on parole from 2008 to 2010 would not have affected his assessment of petitioner. As petitioner points out, the parole period at issue was for a significant period of time, making information about his performance on parole during that time material to any assessment of how petitioner might perform outside *853 of an institutional setting-the precise question on which Shellman opined. In other words, this is not a case involving a minor flaw in the information on which the evaluator relied; it is a case involving a substantial and material deficit. Thus, any finding by the board that gaps in Shellman's knowledge about petitioner's parole history did not influence his ultimate conclusions is not one that is supported by substantial evidence in the record.[2] *257 For these reasons, we reject the board's arguments that this case is distinguishable from Dam on its facts. As in Dam , we reverse and remand to the board for reconsideration.
Reversed and remanded for reconsideration.

The board stated that it was acting pursuant to the version of ORS 144.228 in effect at the time of petitioner's crime. Although ORS 144.228 has been amended since that time, this case does not implicate any of the amended provisions of the statute. For that reason, references to the statute are to the statute in its current form.

The board also appears to make something of a harmless error argument, suggesting that, even if Shellman was not aware of petitioner's 2008-10 parole, and even if knowledge of that information could have influenced Shellman's ultimate conclusions, it is inferable that only would have made things worse for petitioner in Shellman's analysis. Without deciding how such an argument squares with our standard of review under ORS 183.482(8), we note only that we are not persuaded on the record in this case. During his time on parole from 2008 to 2010, petitioner had both successes and failures. Both sides present reasonable arguments about how those successes and failures might bear on a psychologist's opinion regarding petitioner's suitability for parole at present. Under those circumstances, it is a question for a psychologist or similar expert, not for this court or the board, as to how the omitted information bears on a psychological assessment of petitioner's suitability for parole consideration. The point of ORS 144.226, as we observed in Dam , is to ensure that the board has the assistance of the expertise of a psychologist or psychiatrist when determining whether to defer a dangerous offender's parole consideration date.