Argued and submitted July 20, 2021, reversed and remanded for
reconsideration March 16, 2022

JEROME DARRELL AKLES,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A173548

508 P3d 590

Stacy M. Du Clos, Deputy Public Defender, argued the
cause for petitioner. Also on the briefs was Ernest G. Lannet,
Chief Defender, Criminal Appellate Section, Office of Public
Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause
for respondent. Also on the brief were Ellen F. Rosenblum,
Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge,
and DeVore, Senior Judge.*

PER CURIAM

Reversed and remanded for reconsideration.

_____

* Shorr, P. J., *vice* Sercombe, S. J.; Lagesen, C. J., *vice* DeHoog, J. pro tempore.

## PER CURIAM

Petitioner has petitioned for judicial review of a final order of the Board of Parole and Post-Prison Supervision. In that order, the board found that petitioner has a present severe emotional disturbance such as to constitute a danger to the health or safety of the community (PSED) and deferred his release date for two years under ORS 144.125. Relying on our decisions in *Dam v. Board of Parole*, 258 Or App 39, 309 P3d 161 (2013), and *Nevins v. Board of Parole*, 292 Or App 848, 426 P3d 253 (2018), petitioner argues that the board erred by relying on a psychological evaluation that, on its face, reflected that the evaluator based her decision on material information that was mistaken. On review for legal error and substantial evidence, ORS 144.335(3); ORS 183.482(8), we agree that the board erred and reverse and remand for reconsideration.

In *Dam*, we held that the board erred when it based its decision on a psychological evaluation that was based, in part, on inaccurate information contained in a presentence investigation report. 258 Or App at 42-43. We explained that it was not permissible for the board to rely on an evaluation where it could not be determined to what extent the evaluator's reliance on mistaken information influenced the evaluator's ultimate conclusion. *Id.* at 43. We therefore reversed and remanded to the board for reconsideration. *Id.* We took the same approach in *Nevins*. There, we identified the legal principle from *Dam* as follows: "It is not permissible for the board to rely on a psychological evaluation that is based on an inaccurate understanding of an offender's history if the inaccuracies may have influenced the evaluator's ultimate conclusions about the offender." *Nevins*, 292 Or App at 851. Applying that principle, we reversed and remanded for reconsideration because the record demonstrated that the evaluator had relied on inaccurate information about the offender and because the record did not allow for the inference that the inaccurate information played no role in the evaluator's ultimate conclusions.

This case is in the same posture as *Dam* and *Nevins*. In finding that petitioner has a PSED, the board relied on

the evaluation by Dr. Guyton. But Guyton's evaluation was based on an error. Guyton incorrectly computed petitioner's score on the Psychopathy Checklist-Revised (PCL-R) and, as a result, understood that tool to indicate that petitioner had a "high level of psychopathy," and relied on that tool in her evaluation. As in *Dam* and *Nevins*, it is not reasonably inferable that Guyton's miscalculation of petitioner's score did not influence her ultimate conclusions. On the contrary, her explanation of the scoring tends to suggest that, had she computed the score correctly, she would not have reached the conclusion that the PCL-R indicated that petitioner had a high level of psychopathy, something that could have affected her overall evaluation.

In arguing for a contrary result, the board argues that it was permissible for it to rely on Guyton's opinion because the board was aware of the mistake and could use the other information in the opinion to evaluate whether petitioner has a PSED. The problem is that Guyton's mistake calls into question the reliability of her ultimate conclusions, and it is speculative to infer that her evaluation of petitioner would have been the same had she computed petitioner's score correctly. Guyton's mistaken computation made her think that petitioner's "score is above the cutoff of 30 for being considered psychopathic." Correctly computed, petitioner's score, at 29, would have been below the cutoff. Both sides have presented reasonable arguments as to how an accurate understanding of petitioner's score on the PCL-R might bear on an evaluator's opinion as to whether petitioner has a PSED, including on how to view a score close to, but below, the "cutoff" identified by Guyton. As we explained in *Nevins*, "[u]nder those circumstances, it is a question for a psychologist or similar expert, not for this court or the board, as to how" the correct information about petitioner's score "bears on a psychological assessment" of petitioner. *Nevins*, 292 Or App at 853 n 2.

In sum, under *Nevins* and *Dam*, it is not permissible for the board to rely on a psychological evaluation that is based on inaccurate information unless the record allows for the reasonable inference that the inaccuracy was immaterial to the evaluator's ultimate conclusions. That is not the

case here. Accordingly, as we did in those cases, we reverse and remand for reconsideration.

Reversed and remanded for reconsideration.